IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOXX SANITATION, LLC,

                Plaintiff,

v.

EXPRESS DISPOSAL, INC.,

                Defendant.

ORDER

21-cv-152-jdp

---

Defendant Express Disposal, Inc. has removed this case from Chippewa County Circuit Court, relying solely on 28 U.S.C. § 1331 as a basis for jurisdiction. Express says that the case is "governed exclusively by Federal Law under the Lanham Act, 15 U.S.C. § 1125." Dkt. 1, ¶ 4. But that's incorrect. Plaintiff Boxx Sanitation, LLC, is asserting only state-law claims in its complaint: Wis. Stat. § 132.02, common-law trademark infringement, and Wis. Stat. § 100.18. Dkt. 1-1. There is no claim under the Lanham Act or any other federal law.

It is true that Boxx cites its federal trademark registration in its complaint. *See* Dkt. 1-1, ¶ 6. But the question under § 1331 is whether the claim "arises under" federal law. Simply referring to federal law isn't enough. *See Gunn v. Minton,* 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Boxx is the master of its own complaint, and Boxx's complaint asserts only *state-law* causes of action. "[T]he plaintiff can generally avoid removal on the basis of federal question jurisdiction by forgoing a potential federal claim and relying completely on state-law causes of action." 16 *Moore's Federal Practice*, § 107.71[1] (3d ed. 2018).

Defendant cites *Echo Travel, Inc. v. Travel Assocs., Inc.*, 870 F.2d 1264, 1266 (7th Cir. 1989), for the proposition that "common law trademark infringement and unfair competition are governed by the Lanham Act." But *Echo Travel* was not about jurisdiction. The court simply looked to federal law for guidance on the common-law claim. Unlike copyright claims, federal trademark law doesn't preempt state trademark law. *See La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 346 (3d Cir. 1974); *Gardner v. Clark Oil & Refining Corp.*, 383 F. Supp. 151, 153 (7th Cir. 1974). And a state-law claim doesn't "arise under" federal law for the purpose of § 1331 simply because courts look to federal law to inform state law.

The court of appeals has viewed common-law trademark claims as arising under state law for jurisdictional purposes. *See, e.g.*, *Flexible Steel Lacing Co. v. Conveyor Accessories, Inc.*, 955 F.3d 632, 635 n.1 (7th Cir. 2020). In fact, *Echo Travel* itself stated that it was a "diversity case." 870 F.2d at 1264. Defendant doesn't contend that it can meet the requirements of diversity jurisdiction, so this case is REMANDED to state court for lack of jurisdiction.

Entered March 10, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge